

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

## No. 07-22-00094-CR

---

### ANTONIO ADAM SUSTAITA, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas,
Trial Court No. 74,851-D-CR, Honorable Pamela C. Sirmon, Presiding

---

February 15, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After Appellant, Antonio Adam Sustaita, was convicted by jury of unlawful possession of a firearm by a felon[1] and sentenced to twenty-five years of confinement,[2]

---

[1] Section 46.04(a)(1) of the Texas Penal Code states, in pertinent part, as follows: "A person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony."

[2] An offense under section 46.04(a)(1) is a felony of the third degree. *See* TEX. PENAL CODE ANN. § 46.04(e). Appellant's range of punishment was subject to enhancement to "life or for any term of not more than 99 years or less than 25 years" because he had been finally convicted of two prior felony offenses and otherwise met the requisites of TEX. PENAL CODE ANN. § 12.42(d). Appellant pled true to the two enhancement paragraphs in the indictment alleging he was finally convicted of felony delivery of marijuana in April 1986 and felony forgery in September 1994.

he brought this appeal. His counsel filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

The record reflects that Appellant was convicted of felony possession of a controlled substance and sentenced on March 29, 2016. Appellant was released from confinement on parole in May 2017. Less than five years later, in November 2017, officers from the Amarillo Police Department visited a gaming room known for illegal gambling. Appellant was employed at the location and opened the door for the officers. Due to prior walkthroughs at such establishments, the officers were familiar with Appellant and were aware that he had three active warrants. When Appellant was placed under arrest for the outstanding warrants, he informed the officers that he had a pistol in his right, front pocket. The officers recovered a twenty-five-caliber pistol which contained seven rounds in a clip and one round in the chamber.

Appellant's counsel has certified that after diligently searching the record, she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Appellant's counsel provided Appellant with her motion to withdraw, a copy of her *Anders brief*, a *Pro Se Motion for Access to the Appellate Record* including the clerk's record and court reporter's record, and a request for an extension of thirty days from the date he receives the appellate record to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to

---

[3] *See Anders v. California*, 386 U.S. 738, 744 (1967).

withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. To date, Appellant has not filed a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[4]

Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.